UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LATANJI D. HUNTT,<br><br>            Plaintiff(s),<br><br>v.<br><br>KILOLO KIJAKAZI,<br><br>            Defendant(s). | Case No. 2:21-cv-00375-NJK<br><br>**ORDER**<br><br>[Docket Nos. 34, 35] |

This case involves judicial review of administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for disability insurance benefits pursuant to Title II of the Social Security Act. Currently before the Court is Plaintiff's Motion for Reversal and/or Remand. Docket No. 34. The Commissioner filed a response in opposition and a cross-motion to affirm. Docket Nos. 35-36. No reply was filed. The parties consented to resolution of this matter by the undersigned magistrate judge. *See* Docket No. 3.

**I.     STANDARDS**

   A.   Disability Evaluation Process

The standard for determining disability is whether a social security claimant has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see also* 42 U.S.C. § 1382c(3)(A). That determination is made by following a five-step sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987) (citing 20 C.F.R. §§ 404.1520, 416.920). The first step addresses whether the claimant is currently engaging in substantial gainful activity. 20 C.F.R. §§

404.1520(b), 416.920(b).[1] The second step addresses whether the claimant has a medically determinable impairment that is severe or a combination of impairments that significantly limits basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). The third step addresses whether the claimant's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926. There is then a determination of the claimant's residual functional capacity, which assesses the claimant's ability to do physical and mental work-related activities. 20 C.F.R. §§ 404.1520(e), 416.920(e). The fourth step addresses whether the claimant has the residual functional capacity to perform past relevant work. 20 C.F.R. §§ 404.1520(f), 416.920(f). The fifth step addresses whether the claimant is able to do other work considering the residual functional capacity, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g).

### B. Judicial Review

After exhausting the administrative process, a claimant may seek judicial review of a decision denying social security benefits. 42 U.S.C. § 405(g). The Court must uphold a decision denying benefits if the proper legal standard was applied and there is substantial evidence in the record as a whole to support the decision. *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005). Substantial evidence is "more than a mere scintilla," which equates to "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, ___ U.S. ___, 139 S.Ct. 1148, 1154 (2019). "[T]he threshold for such evidentiary sufficiency is not high." *Id.*

## II. BACKGROUND

### A. Procedural History

On September 8, 2017, Plaintiff filed an application for disability insurance benefits with an alleged disability onset date of July 21, 2017. *See, e.g.*, Administrative Record ("A.R.") 183-84. On July 24, 2018, Plaintiff's claim was denied initially. A.R. 103-13. On March 7, 2019,

---

[1] The five-step process is largely the same for both Title II and Title XVI claims. For a Title II claim, however, a claimant must also meet insurance requirements. 20 C.F.R. § 404.130.

Plaintiff's claim was denied on reconsideration. A.R. 115-19. On March 21, 2019, Plaintiff filed a request for a hearing before an administrative law judge. A.R. 121-22. On August 3, 2020, Plaintiff, Plaintiff's representative, and a vocational expert appeared for a hearing before ALJ Matilda Surh. *See* A.R. 36-52. On September 21, 2020, the ALJ issued an unfavorable decision finding that Plaintiff had not been under a disability since the date the application was filed. A.R. 15-34. On January 13, 2021, the ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review. A.R. 1-6.

On March 5, 2021, Plaintiff commenced this action for judicial review. Docket No. 1.

B.     The Decision Below

The ALJ's decision followed the five-step sequential evaluation process set forth in 20 C.F.R. § 416.920. A.R. 15-29. At step one, the ALJ found that Plaintiff met the insured status requirement and has not engaged in substantial gainful activity since the application date. A.R. 17. At step two, the ALJ found that Plaintiff has the following severe impairments: rheumatoid arthritis, fibromyalgia, Sjogren's syndrome, and degenerative disc disease of the lumbar and cervical spine. A.R. 17-20. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. A.R. 20. The ALJ found that Plaintiff has the residual functional capacity to perform the light work as defined by 20 C.F.R. § 404.1567(b), except that she can lift and carry 20 pounds occasionally and 10 pounds frequently; stand and/or walk 4 out of 8 hours; sit 6 out of 8 hours; occasionally climb ramps, stairs, ladders, ropes, and scaffolds; occasionally balance, stoop, kneel, crouch, and crawl; and frequently handle and finger bilaterally. A.R. 20-27. At step four, the ALJ found Plaintiff capable of performing past relevant work as a material handler supervisor as actually performed. A.R. 27. The ALJ included an alternative finding that Plaintiff could also perform other jobs existing in significant numbers in the national economy. A.R. 27-28.

Based on all of these findings, the ALJ found Plaintiff not disabled since the date of the application. A.R. 29.

### III.    ANALYSIS

Plaintiff raises a single issue on appeal, asserting that the ALJ erred in discounting her testimony of disabling limitations. *See* Docket No. 34 at 8-11. The Commissioner counters that the ALJ advanced reasons for discounting that testimony that were factually supported and legally appropriate. *See* Docket No. 35 at 8-20. The Commissioner has the better argument.

Credibility and similar determinations are quintessential functions of the judge taking witness testimony, so reviewing courts generally give deference to such assessments. *See, e.g.*, *Icicle Seafoods, Inc. v. Worthington*, 475 U.S. 709, 714 (1986). In the Social Security context, the ALJ is responsible for assessing the testimony presented. *Andrews v. Shalala*, 53 F.3d 1035, 1039-40 (9th Cir. 1995). An ALJ's assessment of a claimant's testimony is generally afforded "great weight" by a reviewing court. *See, e.g.*, *Gontes v. Astrue*, 913 F. Supp. 2d 913, 917-18 (C.D. Cal. 2012) (citing *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Circ. 1989) and *Nyman v. Heckler*, 779 F.2d 528, 531 (9th Cir. 1985)). If an ALJ's determination to discount a claimant's testimony is supported by substantial evidence, a court should not second-guess that determination. *Chaudhry v. Astrue*, 688 F.3d 661, 672 (9th Cir. 2012).[2]

The ALJ is required to engage in a two-step analysis to evaluate a claimant's testimony as to pain and other symptoms: (1) determine whether the individual presented objective medical evidence of an impairment that could reasonably be expected to produce some degree of pain or other symptoms alleged; and (2) if so, whether the intensity and persistence of those symptoms limit an individual's ability to perform work-related activities. *See* Social Security Ruling 16-3p. In the absence of evidence of malingering, an ALJ may only reject a claimant's testimony about the severity of symptoms by giving specific, clear, and convincing reasons. *See Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). Factors that an ALJ may consider include inconsistent daily activities, an inconsistent treatment history, and other factors concerning the claimant's functional limitations. *See* Social Security Ruling 16-3p.

---

[2] The regulations previously asked the ALJ to assess "credibility." Social Security Ruling 96-7p. The current regulations require the ALJ to instead "evaluate" the claimant's statements. Social Security Ruling 16-3p. "This change in nomenclature does not alter the deferential nature of the Court's review." *Henderson v. Saul*, 2020 WL 774360, at *2 n.2 (D. Nev. Feb. 18, 2020).

4

In this case, the ALJ found that Plaintiff satisfied the first step of the above analysis, but then found that Plaintiff's testimony should be discounted at the second step of the analysis. *See* A.R. 25. The Court is not persuaded that the ALJ erred in doing so.

### A.     INCONSISTENCY WITH MEDICAL RECORD

The ALJ discounted Plaintiff's testimony in part based on its inconsistency with the medical record. A.R. 25. "Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony." *Carmickle*, 533 F.3d at 1161 (affirming ALJ decision to reject claimant's testimony given contradictory medical opinion); *see also Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175 (9th Cir. 2008) (same). In this case, the ALJ accurately identified medical evidence that contradicts Plaintiff's testimony. *See* A.R. 25-26. For example, the medical record includes numerous indications that Plaintiff presented with a normal gait and station. *See, e.g.*, A.R. 554. Dr. Ramsey also noted that Plaintiff performed tandem walking and walking on toes with no difficulty and with no need for an assistive device. A.R. 526. Similarly, physician assistant Brian Stark found that Plaintiff had no walking restrictions. A.R. 471. Such findings contradict Plaintiff's assertion that, *inter alia*, she could "only walk about 2-3 feet without the pain in [her] ankles." A.R. 222; *see also* A.R. 265 (Plaintiff's assertion that she can walk with ambulatory assistance for only three feet). Accordingly, the ALJ did not err in discounting Plaintiff's testimony as inconsistent with the medical record.

### B.     CONSERVATIVE TREATMENT

The ALJ also discounted Plaintiff's testimony in part based on the conservative nature of the treatment she received. A.R. 25. The conservative nature of treatment is a sufficient basis for discounting a claimant's testimony. *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007). In this case, the ALJ noted that Plaintiff (1) has not undergone invasive procedures, (2) has at times not needed pain medication or prednisone, (3) has not received a recommendation for specific treatments or surgeries with respect to her musculoskeletal complaints, and (4) does not need an assistive device to walk. A.R. 25. Plaintiff does not directly address these findings on appeal and, instead, recites the injections and medications that Plaintiff has at times received. *See* Docket No. 34 at 9. The Court is not persuaded by Plaintiff's assertion of error. Indeed, courts addressing

similar circumstances have found that an ALJ did not err in discounting a claimant's testimony based on the conservative treatment received. *See, e.g.*, *Cagliari v. Berryhill*, 2019 WL 3069869, at *6 (D. Nev. June 27, 2019) (finding no error in ALJ's discounting of claimant's testimony: "Plaintiff's medical record shows that providers managed her rheumatoid arthritis with medication and injections, which improved her symptoms, contrary to Plaintiff's contention that medications did not work. When medication did not work, it was modified, and conservative treatment continued. For example, Plaintiff weaned herself off of prednisone" (internal citation omitted)), *adopted*, 2019 WL 3068442 (D. Nev. July 12, 2019). The Court's review of the record here similarly shows that the ALJ's finding of conservative treatment was premised on substantial evidence. Accordingly, the ALJ did not err in discounting Plaintiff's testimony in light of the conservative nature of treatment.

### C. ADDITIONAL REASONS

The ALJ proffered additional reasons for discounting Plaintiff's testimony. In light of the findings above, however, the Court need not express an opinion as to these additional reasons. *Cf. Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004) (addressing harmless error standard).

### IV. CONCLUSION

For the reasons discussed above, the Court **DENIES** the motion for reversal or remand (Docket No. 34) and **GRANTS** the countermotion to affirm (Docket No. 35). The decision below is **AFFIRMED**. The Clerk's Office is instructed to **ENTER FINAL JUDGMENT** accordingly and to **CLOSE** this case.

IT IS SO ORDERED.

Dated: February 9, 2022

_____
Nancy J. Koppe
United States Magistrate Judge

6